IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NORMAN BLOCK**                                                                            **PLAINTIFF**
**#102440**

**v.**                                           **Case No. 4:25-cv-1060-JM**

**DEREK JOHNSON, #087998,**
**Officer, Pine Bluff Police Department** *et al*.                          **DEFENDANTS**

**ORDER**

On October 16, 2025, the Court granted Block's motion to proceed *in forma pauperis*, screened his complaint, and requested an amended complaint. (Doc. 3). Specifically, the Court determined that Block had made a plausible excessive force claim but asked him to identify both (1) who was responsible for the force and (2) the resultant injury. (*Id*.). Block timely filed an amended complaint. (Doc. 4). The Court will screen it together with his initial complaint. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e).

Having been arrested on April 24, 2025, Block says he was sitting, handcuffed in the back of a patrol car when Officer Johnson tased him "out of the blue" in his arm, shoulder, and foot requiring a medical check at an area hospital. (Doc. 4 at 4). Block states that Officers Lowery, Smith, and Edwards were present and did nothing to intervene or stop Officer Johnson's unnecessary force. (*Id*. at 4–5). Block says that he since has experienced ongoing tingling in his fingertips and toes. (*Id*. at 5). Block sues Defendants in their official and individual capacities for damages. He also asks to be released from prison.

As previously stated, Block's official capacity claims against all the Defendants are dismissed. (Doc. 3). "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a

policy, practice, or custom attributable to the municipality caused the constitutional injury. *Id*. In neither complaint does Block allege that any policy, practice, or custom was the moving force behind the alleged violations of his rights. As a result, Block has failed to state official-capacity claims. Additionally, Block's request for release is not available under § 1983. The sole remedy for a prisoner seeking release from prison is to file a federal habeas petition. *Prieser v. Rodriquez*, 411 U.S. 475, 500 (1973).

Nevertheless, for screening purposes only, Block has stated a plausible individual-capacity excessive-force claim against Officer Johnson and plausible individual-capacity failure-to-intervene claims against Officers Lowery, Smith, and Edwards. These lone claims will be served.

The Court directs the Clerk to prepare summonses for Officers Johnson, Smith, Lowery, and Edwards and deliver the summonses along with a copy of the Complaint (Doc. 2), Amended Complaint (Doc. 4), the Court's initial Order (Doc. 3), and this Order to the U.S. Marshal for service, without requiring prepayment of fees and costs or security. The Defendants may be served through their employer, the Pine Bluff Police Department, 200 East 8th Ave., Pine Bluff, Arkansas 71601.

IT IS SO ORDERED this 19th day of November, 2025.

_____
UNITED STATES DISTRICT JUDGE